**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3865-19

SAHDIEKHAN JOHNSON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 5, 2021 – Decided May 27, 2021

Before Judges Sumners and Mitterhoff.

On appeal from the New Jersey Department of Corrections.

Sahdiekhan Johnson, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Tasha M. Bradt, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Sahdiekhan Johnson, formerly incarcerated at Northern State Prison, appeals from a final decision of the New Jersey Department of Corrections (NJDOC), which found that he committed prohibited act *.005, threatening another with bodily harm or with an offense against his or her person or property, in violation of N.J.A.C. 10A:4-4.1(a)(2)(ii). We affirm.

We discern the following facts from the record. At approximately 7 p.m. on April 25, 2020, a corrections officer instructed appellant to put on his face mask and stop moving from door to door without a mask. Appellant responded that "he ain't doing shit." The corrections officer again instructed appellant to put on his mask, or "lock in." Appellant then ran down the stairs towards the corrections officer in an "aggressive manner." The corrections officer deployed pepper spray and called for assistance.

Responding officers decontaminated appellant of the pepper spray, but he continued to resist their attempts to subdue him. The corrections officers maneuvered appellant to the ground to "gain compliance." While on the ground, appellant bit one of the corrections officers. Appellant was taken to the medical unit where he was evaluated and cleared.

Appellant was charged with prohibited act *.803/*.002, attempting to assault another person, in violation of N.J.A.C. 10A:4-4.1(a)(1)(ii) and (xiv).

On April 27, 2020, appellant received written notice of the disciplinary charge. A disciplinary hearing was conducted on May 6, 2020. During that hearing, the disciplinary hearing officer amended the charge to *.005, threatening another with bodily harm or with any offense against his or her person or his or her property. Appellant entered a plea of not guilty and requested the assistance of counsel substitute, which was granted.

At the conclusion of the hearing, appellant was found guilty of prohibited act *.005. The disciplinary hearing officer concluded that the evidence, including video footage, showed appellant's behavior was threatening which ultimately necessitated the use of pepper spray. Appellant was sanctioned to 100 days' administrative segregation, thirty days' loss of recreation privileges, and thirty days' loss of canteen privileges. Appellant administratively appealed that decision. On May 19, 2020, the facility's assistant superintendent upheld the finding of guilt and sanctions imposed.

On appeal, appellant raises the following arguments for our consideration:

POINT I

THE CHARGES DO NOT JUSTIFY A FINDING OF GUILTY.

POINT II

A-3865-19

THE ADMINISTRATIVE APPEAL SHOULD HAVE
BEEN GRANTED.

The scope of our review of a final decision of an administrative agency is "severely limited." George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994) (citing Gloucester Cnty. Welfare Bd. v. N.J. Civ. Serv. Comm'n, 93 N.J. 384, 390 (1983)). In an appeal from a final decision in a prisoner disciplinary matter, we consider whether there is substantial evidence in the record to support the decision that the inmate committed the prohibited act. Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)); see also N.J.A.C. 10A:4-9.15(a). We also must consider whether, in making its decision, the NJDOC followed the departmental regulations governing disciplinary proceedings, which were adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-98 (1995); Jacobs v. Stephens, 139 N.J. 212, 217-22 (1995).

Because disciplinary proceedings are not criminal prosecutions, prisoners are entitled to only certain limited protections, rather than the "full panoply of rights" afforded to criminal defendants. Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)); Avant v. Clifford, 67 N.J. 496, 522 (1975). Those limited protections include an inmate's

entitlement to written notice of the charges at least twenty-four hours prior to the hearing, N.J.A.C. 10A:4-9.2, a right to a fair tribunal, N.J.A.C. 10A:4-9.15, a limited right to call witnesses and present documentary evidence, N.J.A.C. 10A:4-9.13, a limited right to confront and cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14, a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed, N.J.A.C. 10A:4-9.24, and, in certain circumstances, the assistance of counsel-substitute, N.J.A.C. 10A:4-9.12. These limited rights "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams v. Dep't of Corr., 330 N.J. Super. 197, 203 (App. Div. 2000) (citing McDonald, 139 N.J. at 202).

Having carefully reviewed the record, we are satisfied that the NJDOC's finding that appellant committed prohibited act *.005 was supported by substantial evidence. The record also reveals that appellant was afforded all the limited due process protections to which he was entitled.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3865-19